```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RAMON LARA,

                    Petitioner,

       -against-

WILLIAM LEE, SUPERINTENDENT, EASTERN NY
CORRECTIONAL FACILITY,

                    Respondent.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/2020

19 Civ. 6338 (AT) (KNF)

**AMENDED ORDER ADOPTING REPORT AND <u>RECOMMENDATION</u>**

ANALISA TORRES, District Judge:

      Petitioner, Ramon Lara, submitted a letter dated May 25, 2020, ECF No. 18, objecting to the Report and Recommendation (the "R&R"), ECF No. 15, of the Honorable Kevin Nathaniel Fox.  Due to a delay in mailing, the letter was not received and docketed until June 5, 2020, *see* ECF No. 18, past the deadline for objections, *cf.* R&R at 9 (setting objections to 24 days from date of service); 5/7/2020 Docket Entry (noting the mailing of the R&R), and after this Court had issued an order adopting the R&R, *see* ECF No. 16.  Petitioner submitted a second letter dated June 6, 2020, docketed on June 15, 2020, requesting that this Court "conduct a de novo review of the entire petition."  ECF No. 21.  Due to the delay in mailing, the Court accepts as timely Petitioner's objections and issues this amended order, which adopts the R&R for the reasons stated below.  *See* Fed. R. Civ. P. 60(a) ("The court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.").

      A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report.  28 U.S.C. § 636(b)(1)(C).  The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.  *Id.*  Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error.  *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).  The clear error standard also applies if a party's "objections are improper—because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569, 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (internal quotation marks and citation omitted).

      Petitioner argues that the delays in his extradition from the Dominican Republic suggests prosecutorial misconduct, ECF No. 18 at 1, but Petitioner does not lodge any specific objections to Judge Fox's detailed conclusions regarding Petitioner's lack of prejudice from the delay, which was attributable to Petitioner's fleeing to the Dominican Republic, *see* R&R at 7.  Finding Petitioner's objections to be conclusory and general, the Court reviews the R&R for clear error. *Santiago v. Colvin*, 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014).  Finding none, the Court ADOPTS the R&R in its entirety.

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 2, is DENIED.

A petitioner may appeal the denial of a § 2254 application only if the district court or the court of appeals issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). To obtain a COA, a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks, citation and alterations omitted). Petitioner's application fails under a straightforward application of clear legal standards, on which reasonable jurists could not disagree. Accordingly, a COA is DENIED.

The Clerk of Court is directed to mail a copy of this order to Petitioner *pro se*. This case remains closed.

SO ORDERED.

Dated: July 13, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge